# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CESAR O. GARCIA,**

    Petitioner,

-vs-                                       **Case No. 16-C-18**

**MARC CLEMENTS, Warden,**
**Dodge Correctional Institution,**

    Respondent.

## DECISION AND ORDER

Cesar Garcia filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This petition contains claims that were exhausted in state court, and it also includes claims that were not exhausted in state court. Accordingly, Garcia moves to stay this action so he can exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005).

The "stay and abeyance" procedure set forth in *Rhines* is meant to help habeas petitioners who "run the risk of forever losing their opportunity for any federal review of their unexhausted claims" because of the interplay between the one-year statute of limitations and the total exhaustion requirement. 544 U.S. at 275 (citing § 2254(b)(1)(A)). In Section 2254 proceedings, the one-year limitations period generally begins to run

from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Wisconsin Supreme Court denied Garcia's petition for review on January 12, 2015, and he did not seek review in the United States Supreme Court. The one-year limitations period began running 90 days later — in April of 2015 — upon the expiration of the time allotted for filing a petition for a writ of certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). However, the limitations period stopped running eight months later when Garcia filed a motion for post-conviction relief in Kenosha County Circuit Court on December 17, 2015. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). That motion is still pending.

As a result, Garcia will have four months to prepare and file a § 2254 petition after he exhausts his remedies in state court. Garcia runs no significant risk of forfeiting his right to federal habeas review, so the *Rhines* procedure is inapplicable.

**IT IS HEREBY ORDERED THAT** Garcia's motion to stay [ECF No. 2] is **DENIED**. This matter is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

BY THE COURT:

*[signature: Rudolph T. Randa]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -

Case 2:16-cv-00018-RTR   Filed 01/20/16   Page 3 of 3   Document 7